IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL O'GRADY,

                                                             ORDER

                Plaintiff,

                                                    10-cv-222-bbc

      v.

SYNTHIA Y. O'GRADY and
DANIEL A. KLINT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary relief brought by plaintiff Michael O'Grady, a resident of Portage, Wisconsin, against defendants Synthia O'Grady and Daniel Klint, who are alleged to be residents of Coon Rapids, Minnesota. In his complaint, plaintiff contends that he is entitled to a sum of at least $95,000 for the loss of custody of his children and emotional distress he has suffered as a result of this loss. Plaintiff has asked for leave to proceed <u>in forma pauperis</u> and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each

1

dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff has one dependent. His monthly income is $1,800, which makes his annual income $21,600. (In his affidavit, plaintiff says that he is married, that he and his wife have been separated for two years and that he does not know the amount of her monthly income. Plaintiff's wife is a defendant in this action, so it would be imprudent to consider her financial status in considering whether plaintiff can afford to bring this lawsuit. Therefore, I will consider only plaintiff's income for purposes of calculating his indigency.) From plaintiff's annual income of $21,600 I will subtract $3,700 for one dependent, making his income $17,900. Because plaintiff's income falls in the $16,000 to $32,000 range, he must prepay half the fees and costs. If plaintiff wishes to proceed with this action, he will have to pay $175, which is half of the $350 filing fee.

From the allegations in his complaint, it appears plaintiff is raising a state law tort

2

claim, which this court can entertain only if plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff has asked for damages in an amount exceeding $75,000. However, he has not alleged facts that would allow a determination that the parties are of diverse citizenship. A federal court has an independent obligation to insure that it has jurisdiction to hear each case presented to it. Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 379 (7th Cir. 2000).

In his complaint, plaintiff alleges only the residence of the parties to this lawsuit. For the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency of individual persons. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship). Although I suspect that plaintiff's and defendants' citizenship are diverse, it is plaintiff's burden to establish citizenship of all parties. I will give him until May 26, 2010 to submit information establishing the citizenship of the parties.

ORDER

IT IS ORDERED that

1. Plaintiff may have until May 26, 2010, in which to submit the $175 prepayment of the filing fee for this lawsuit.

2. Plaintiff may have until May 26, 2010, in which to file with the court a response to this order establishing the citizenship of the parties in this lawsuit.

3. If, by May 26, 2010, plaintiff fails to submit both the $175 prepayment and a response explaining citizenship of the parties, the clerk of court is directed to enter judgment dismissing this case without prejudice for plaintiff's failure to prosecute it.

Entered this 6th day of May, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge